THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOSÉ JOAQUÍN APONTE, Defendant and Appellant.

No. 15765.    Argued December 3, 1954.—Decided January 28, 1955.

*Ubaldo Aponte* for appellant.    *José Trías Monge, Attorney General,* and *Ramón Olivo Nieves, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant was prosecuted in the Guayama Part of the Superior Court for the offense of rape committed on May 26, 1953, as recited in the information, in having sexual relations with América Cardín Meléndez, a young woman, "by force and violence and intimidation, against her will, and without her consent." He was tried by the court without a jury, found guilty, and sentenced to serve an indeterminate sentence from two to six years in the penitentiary. He appealed from said judgment as well as from the order denying a motion for a new trial. In support of his appeal he assigns five errors.

■ The first assignment calls for little discussion. It is directed to attack the weighing of the testimony of América Cardín Meléndez alleging that the lower court should not have believed it because it was untrue and contained contradictions. The assignment is without merit. There is no reason to hold that the court erred in believing such testimony. It is not inherently improbable or incredible, and the contradictions incurred by the witness, which were quite a few, were without doubt reconciled by the judge. We must respect his criterion in the absence of reasons to repudiate it.[1]

---

[1] The prosecuting attorney makes the following summary of América Cardín's testimony, which is substantially correct:

"The aggrieved party testified, substantially, that she is 16 years old; that on May 26, 1953, she met the defendant after school and he invited her to go for a ride to his aunt's house to get some equipment; that while she was boarding the bus that would take her home, the defendant returned in a small bus and called her, and she went with him to the said small bus (Tr. Ev. 11); that they rode until they reached the end of the road, then returned, and stopped near a sugar-cane lane, and he told her that his aunt lived there (Tr. Ev. 11); that she got very nervous upon noticing that the bus kept going, and the defendant then gave her some beer mixed with a pill (Tr. Ev. 12, 25, 26); that he made her drink it in spite of her refusal; that he took her across some wires into the sugar-cane field; that he pushed her to the ground at gun point (Tr. Ev. 14); he took her off her panties (Tr. Ev. 28, 29); took off or unbuttoned his pants, and raped her; that she was practically unconscious (Tr. Ev. 29, 30, 31); that he left as soon as he was through, leaving her alone; that before he left he threw away her slip and panties (Tr. Ev.

■■ In the second assignment appellant complains of the weight given to Ana María Cruz Bonilla's testimony, "for the purpose of establishing the legal requirement of corroboration" and its admission in evidence. She testified that in the evening of the day in which the offense, imputed to appellant, was committed, América Cardín told her that she had been raped by the defendant, as well as the means used to perpetrate the offense. She also testified that late that day América Cardín arrived at the witness' house, crying and with her mouth swollen, and that when she went to bed she noticed that she was not wearing any underclothes.

We are told that María Cruz Bonilla's statement is inadmissible, *first*, because according to the testimony of the prosecutrix, the latter informed her of the act perpetrated by the defendant, not in the evening of May 26, as testified by María Cruz, but in the evening of the following day, namely, 26 hours after the occurrence, notwithstanding she had had dinner and slept in the house of that witness, who was a cousin of hers, wherefore María Cruz Bonilla's testimony could not be admitted as corroborative evidence because it was remote; *second*, because before she arrived at the house of her cousin, América Cardín had met Ángel Luis Ortiz and Manuel Guillermo Rodríguez, to whom she reported that appellant "had raped her and gone away," leaving her alone.

We cannot agree with appellant. The lower court could have reached the conclusion that América Cardín related the facts to her cousin hours after the occurrence, as testified

17) ; that she walked until she almost reached Aibonito, where she came upon the bus of Ángel Luis, who had driven her and the defendant to the country; that another passenger by the name of Guillermo was riding on that bus; that Ángel Luis, the driver of the bus, was the first person whom she told that the soldier had raped her (Tr. Ev. 18, 36) ; that that evening she had dinner and slept in her aunt's house; that she told her cousin of her plight with the soldier (Tr. Ev. 31) ; that the next day her father went to the sugar-cane field to get her slip and panties (Tr. Ev. 20, 41)."

by the latter, but assuming that she gave her an account 26 hours after the occurrence, such circumstance does not by itself render inadmissible, as corroborative evidence, María Cruz Bonilla's testimony. We have established the doctrine that in cases such as the one at bar the time elapsed between the crime and the time of making the statements, tending to corroborate the aggrieved party's testimony, is not a controlling factor by itself in determining whether or not such statements are admissible as corroborative evidence. *People* v. *Arenas*, 39 P.R.R. 14; *People* v. *Fuentes*, 63 P.R.R. 42. In *People* v. *López*, 76 P.R.R. 354, we stated as follows: "Our own decisions have established the principle that the time factor is not fixed and immutable, and that it may vary according to the circumstances in each case. Thus, we have accepted as admissible the statements made by the aggrieved party within three months, nine months, and even one year after the occurrence of the crime."

The fact that América Cardín informed María Cruz Bonilla of the act perpetrated upon her by appellant, following her conversation with Ángel Luis Ortiz and Manuel Guillermo Rodríguez, did not render inadmissible the witness' testimony. The former met América Cardín while she was walking along the road, alone and crying, on her way to the town of Aibonito. She told them that the defendant "had raped her" and asked them to take her to the house of her aunt, María Cruz' mother. Those statements, far from being in conflict with those made to her cousin, are wholly in accord with and strengthen each other.

Appellant contends in the third assignment that he was found guilty without any evidence to corroborate América Cardín's testimony. The evidence in that respect was ample and sufficient. The error assigned was not committed.

The fourth assignment, in which appellant maintains that the judgment is contrary to "the evidence and the law," is wholly without merit.

874

**■■** Appellant filed a motion for a new trial on the ground of newly discovered evidence after his conviction, which he was unable to present at the trial. The motion was denied, and that is the error assigned in the fourth and last assignment. We have held on more than one occasion that a motion for a new trial, founded on newly discovered evidence, is addressed to the sound discretion of the court. There is nothing to show that it was abused in the case at bar.

The judgment will be affirmed.

Mr. Justice Belaval concurs in the result.